IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUERRA, | No. C 10-04800 CW (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE AND ADDRESSING PENDING MOTIONS |
|   v. | |
| M. MARTEL, Warden, | |
|     Respondent.               / | |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5.00 filing fee.

    Petitioner has filed a request for "available copies of trial records, transcripts, etc." in Santa Clara County Superior Court Case no. CG580514.  (Req. for Tr. at 1.)  He has also filed a motion for appointment of counsel.

    It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

    1.   The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    2.   Respondent shall file with this Court and serve upon Petitioner, within <u>one-hundred twenty (120) days</u> of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

The Court construes Petitioner's request for "available copies of trial records, transcripts, etc." as a request for an Order directing Respondent to serve Petitioner with the aforementioned exhibits. Good cause appearing, the request (docket no. 2) is GRANTED. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within <u>sixty (60) days</u> of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision <u>sixty (60) days</u> after the date Petitioner is served with Respondent's Answer.

4. Respondent may file with this Court and serve upon Petitioner, within <u>sixty (60) days</u> of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>sixty (60) days</u> of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within <u>fifteen (15) days</u> of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel

2

all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

7.  Petitioner's motion for appointment of counsel (docket no. 2) is DENIED. The Sixth Amendment right to counsel does not apply in habeas corpus actions. <u>See</u> <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986); <u>Knaubert</u>, 791 F.2d at 728; <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. <u>See generally</u> 1 J. Liebman & R. Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed

3

counsel is necessary to prevent due process violations.  <u>See</u> <u>Chaney</u>, 801 F.2d at 1196; <u>Eskridge v. Rhay</u>, 345 F.2d 778, 782 (9th Cir. 1965).  This denial is without prejudice to the Court's reconsideration on its own motion should it find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

    8.   This Order terminates Docket nos. 2 and 3.

    IT IS SO ORDERED.

Dated: 11/22/2010



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

UNDERSEAL,

        Plaintiff,

v.

UNDERSEAL et al,

        Defendant.

Case Number: CV10-04800 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Reyes Guerra F-57686
Mule Creek State Prison
P.O. Box 409040
B-8-114L
Ione, CA 95640

Dated: November 22, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk